THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 48730—Decided March 11, 1985.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Diane Wynshaw-Boris,* for appellant.

MARKUS, J. Prosecutorial misconduct caused another panel of this court to reverse this defendant's previous convictions for aggravated burglary, aggravated robbery, and felonious assault. On remand for retrial, defendant pled guilty to aggravated burglary and felonious assault, and the state dismissed the aggravated robbery charge. Defendant now appeals from the resulting convictions for those two offenses, claiming that the court sentenced him improperly. He does not challenge the propriety of his convictions. More specifically, defendant contends that the new sentence for those offenses (a) increases the penalty imposed without justification, (b) requires him to pay a substantial fine despite his indigency, and (c) unfairly orders his sentences to be served consecutively. We find no abuse of the trial court's discretion by ordering consecutive sentences, but defendant's first two contentions have merit. Therefore, we affirm his unchallenged convictions, but remand for resentencing.

Following defendant's first trial, the court sentenced him to seven to twenty-five years for aggravated burglary, seven to twenty-five years for aggravated robbery, and three to fifteen years for felonious assault. The court directed that the sentence for felonious assault would run consecutively to the sentences for the other two offenses which would run concurrently. Thus, his aggregate sentence was ten to forty years. The court imposed no fine. Following defendant's convictions on guilty pleas, the court sentenced him to seven to twenty-five years for aggravated burglary and a consecutive term of five to fifteen years for felonious assault. Thus, his aggregate sentence on this occasion was twelve to forty years. In addition, the court sentenced the defendant to pay a $7,500 fine on the felonious assault charge.

Defendant's three assignments of error assert:

"I. The trial court erred when upon remand from the court of appeals it imposed upon appellant a more severe sentence than the sentence imposed at his original trial.

"II. The trial court erred when it imposed on indigent appellant a fine in addition to incarceration.

"III. The trial court erred when it imposed consecutive sentences upon appellant where it declared the offenses to be of similar import."

Before imposing an increased sentence on a defendant who has prevailed on appeal, the court must explain on the record the reasons for the greater sentence. That procedure is necessary to dispel any inference that the court is retaliating for the defendant's exercise of his right to appeal. An increased sentence is permissible only if the court's reasons are based on objective information concerning identifiable conduct by the defendant after the time of the original sentence. Absent such an explanation on the record, the increased sentence is constitutionally defective. See *North Carolina* v. *Pearce* (1969), 395 U.S. 711, at 725-726; *Papp* v. *Jago* (C.A.6, 1981), 656 F. 2d 221, 224, certiorari denied (1981), 454 U.S. 1035; *Warrensville Heights* v. *Blackburn* (July

14, 1977), Cuyahoga App. No. 36160, unreported; *State* v. *Moore* (Sept. 29, 1983), Cuyahoga App. No. 43623, unreported; *State* v. *Pavone* (Nov. 29, 1984), Cuyahoga App. Nos. 49066, 49067, unreported. No such explanation appears in this record.

Defendant also correctly argues that the court should not sentence an indigent to pay a substantial fine which he has no likely ability to pay. R.C. 2929.12(F); *State* v. *Davis* (May 24, 1984), Cuyahoga App. No. 47622, unreported; *State* v. *Copen* (Dec. 21, 1981), Cuyahoga App. No. 43227, unreported; *State* v. *Houston* (Jan. 17, 1980), Cuyahoga App. No. 40124, unreported. In this case, the court expressly found that the defendant was indigent at the beginning of the case and again only twelve days after the disputed sentence. The prosecutor argues that the defendant might later acquire some funds by his employment in the penitentiary. R.C. 2929.12(F) precludes a substantial fine where penitentiary earnings provide the defendant's only means for payment. Consequently, the fine imposed here was inappropriate, even if it did not increase an earlier sentence that was reversed on appeal.

Finally, defendant argues that the court should not have ordered consecutive sentences because aggravated burglary and felonious assault are allied offenses of similar import. Defense counsel cites a statement by the trial judge which appears to refer to this subject indirectly. We suspect that the quoted language may have been an inadvertent misstatement or that it was mistranscribed. In any event, these two offenses are not allied offenses of similar import within the meaning of R.C. 2941.25(A). *State* v. *Khateeb* (Apr. 19, 1984), Cuyahoga App. No. 47148, unreported. The commission of one offense was not incidental to or for the purpose of the commission of the other offense. Cf. *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], paragraph two of the syllabus (aggravated murder committed in the course of an aggravated burglary is not an allied offense of that aggravated burglary). Felonious assault is an offense against another's person, while aggravated burglary is an offense against property.

Therefore, these two offenses do not merge for sentencing purposes. The trial court had reasonable latitude or discretion to determine whether defendant should serve these sentences concurrently or consecutively. *State* v. *Johnson* (1978), 57 Ohio App. 2d 263, 269 [11 O.O.3d 338]. Defendant has shown no reason for us to find an abuse of that discretion by the order here.

Defendant's first two assigned errors have merit. His third does not.[1] We affirm defendant's convictions, but remand for resentencing consistent with this opinion.

*Judgment accordingly.*

CORRIGAN, C.J., and NAHRA, J., concur.

---

[1] Defendant's brief argues without assigning as error that he should receive credit against his sentence for time served for these offenses. While the court need not expressly so provide in its sentence, the law affords the defendant that consideration. R.C. 2967.191. The Adult Parole Authority will presumably act accordingly. The clerk and the sheriff should supply the penal institution with a record of any time served on these offenses in local jail facilities. Crim. R. 32.2(D).