OPINION
{¶ 1} On April 19, 2002, the Delaware County Grand Jury indicted appellant, Vincent Johnson, on one count of aggravated burglary in violation of R.C. 2911.11, one count of felonious assault in violation of R.C. 2903.11 and one count of attempted aggravated murder in violation of R.C. 2903.01/2923.02. Said charges arose from an incident involving appellant's ex-girlfriend, Taja Short.
 {¶ 2} A bench trial commenced on June 25, 2002. The trial court found appellant guilty of the burglary and assault counts, and not guilty of the attempted murder count. By judgment entry filed August 29, 2002, the trial court sentenced appellant to an aggregate term of eight years in prison. Appellant's case was affirmed on appeal. State v. Johnson (June 18, 2003), Delaware App. No. 02CA-A-9-045.
 {¶ 3} On November 21, 2005, appellant filed a petition for postconviction relief claiming minimum/maximum sentencing issues based on new case law. By entry filed April 4, 2006, the trial court denied the petition.
 {¶ 4} On June 8, 2006, appellant filed a second petition for postconviction relief, claiming double jeopardy issues. By judgment entry filed July 10, 2006, the trial court denied this petition too.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "TRIAL COURT COMMITTED PLAIN ERROR DURING THE IMPOSISITION (SIC) OF CONSECUTIVE SENTENCES AND VIOLATED APPELLANTS CONSTITUTIONAL RIGHTS TO PROTECTION AGAINST DOUBLE JEOPARDY GUARANTEED BY THE 5TH 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. 1 § 10 OF THE OHIO CONSTITUTION."
 I {¶ 7} Appellant claims the trial court erred in ordering him to serve consecutive sentences and violated his double jeopardy rights. We disagree.
 {¶ 8} In his June 8, 2006 petition for postconviction relief and his appellate brief, appellant argues the trial court erred in sentencing him to consecutive sentences on the aggravated burglary and felonious assault counts and violated his double jeopardy rights based upon R.C. 2941.25 which governs multiple counts and states as follows:
 {¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} Appellant argues the aggravated burglary and felonious assault counts arose from a single incident and are therefore allied offenses of similar import. Aggravated burglary and felonious assault have different elements and are not allied offenses. State v. Jackson (1985), 21 Ohio App.3d 157; Statev. Khateeb (April 19, 1984), Cuyahoga App. No. 47148.
 {¶ 12} In addition, while appellant's direct appeal to this court involved a brief filed pursuant to Anders v. California
(1967), 388 U.S. 924, appellant filed three pro se assignments of error. Assignment of Error I claimed the following:
 {¶ 13} "DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF DEFENSE COUNSEL DUE TO COUNSEL'S FAILURE TO RAISE THE DEFENSE OF ALLIED OFFENSES OF SIMILAR IMPORT AND OR THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT."
 {¶ 14} This court specifically reviewed this assignment and the issue of allied offenses and denied same. See, Jackson,
supra at ¶ 25-30. Appellant's arguments based on allied offenses are res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's June 8, 2006 petition for postconviction relief.
 {¶ 16} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.