The STATE of Ohio, Appellee,

v.

BARKER, Appellant.

[Cite as *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22779.

Decided July 17, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Robert Alan Brenner, for appellant.

GRADY, Judge.

{¶ 1} During the early morning hours of February 11, 2008, defendant, Jeffrey L. Barker, entered the residence of Lashawn Pope by opening a locked door. Pope had, the day before, told defendant's sister that Pope intended to end her relationship with defendant.

{¶ 2} Defendant went to a second-floor bedroom and found Pope with another man. An argument ensued, and defendant stated: "I'm going to show you who Jeffrey Barker is." Defendant then threw Pope out a second-story bedroom window. Pope fell approximately 15 feet to the ground. She suffered a broken jaw and a shattered hip. Pope later underwent surgery to replace her hip.

{¶ 3} Defendant was charged by indictment with felonious assault, R.C. 2903.11(A)(1), causing serious physical harm to another, a second-degree felony; and aggravated burglary, R.C. 2911.11(A)(1), trespassing in an occupied structure when another person is present, with a purpose to threaten, attempt to inflict, or inflict physical harm on another, a first-degree felony. A repeat-violent-offender specification, R.C. 2941.149, was attached to both charges.

{¶ 4} The felonious-assault and aggravated-burglary charges were tried to a jury, and defendant was convicted of both. The court sentenced defendant to maximum prison terms of eight years, R.C. 2929.14(A)(2), and ten years, R.C. 2929.14(A)(1), for those offenses, to be served consecutively. Defendant waived his right to a jury trial on the repeat-violent-offender specifications and was convicted by the court. The court merged the two specifications and imposed an additional ten-year sentence pursuant to R.C. 2929.14(D)(2)(b). Defendant's aggregate prison sentence totals 28 years. Defendant filed a notice of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 5} "The trial court erred by sentencing Mr. Barker to additional prison time on the repeat violent offender specifications."

{¶ 6} Defendant argues that the trial court could not impose an additional ten-year sentence for being a repeat violent offender pursuant to R.C. 2929.14(D)(2)(b), because the findings the court made in order to convict and sentence him are prohibited by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 7} *Foster* followed and applied the holdings in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, to hold that the judicial fact-finding requirements in various sentencing statutes, including R.C. 2929.14(D)(2)(b), are unconstitutional because they deny a defendant's Sixth

Amendment right to a jury trial when the matters the court must find are neither found by the trier of facts nor admitted by the defendant. Defendant Barker waived his right to a jury trial on the repeat-violent-offender specifications. His waiver forfeits defendant's right to complain on appeal of any *Apprendi/Foster* denial of his right to jury trial on the specifications.

{¶ 8} The version of section R.C. 2929.14(D)(2)(b) in effect on February 11, 2008, when defendant committed two felony offenses, provides:

{¶ 9} "(b) The court shall impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

{¶ 10} "(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

{¶ 11} "(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

{¶ 12} "(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person."

{¶ 13} The state presented evidence that on January 31, 1979, defendant pleaded guilty to involuntary manslaughter and aggravated robbery, and was sentenced for those offenses on or about February 9, 1979, in Montgomery County Common Pleas Court case No. 78–CR–1355. While those offenses undoubtedly qualify as first- or second-degree felony offenses of violence, R.C. 2901.01(A)(9), it is equally clear that defendant was not convicted of those prior offenses within 20 years preceding his conviction and sentence for the two offenses involved in the present case, which occurred in 2008. Therefore, the requirement in R.C. 2929.14(D)(2)(b)(ii) has not been met, and the trial court

erred in imposing an additional ten-year sentence upon defendant as a repeat violent offender pursuant to R.C. 2929.14(D)(2)(b).

{¶ 14} The state argues that because all of the requirements in R.C. 2929.14(D)(2)*(a)* for imposing an additional sentence on repeat violent offenders were met, the trial court did not err. The requirements for imposing an additional penalty on a repeat violent offender pursuant to R.C. 2929.14(D)(2)*(a)* differ from the requirements for imposing that same additional penalty pursuant to R.C. 2929.14(D)(2)*(b)*. Notably, the requirement in (D)(2)(b)(ii) of three or more convictions for first- or second-degree felony offenses of violence within the past 20 years is absent from (D)(2)(a). However, as the judgment of conviction and sentence or "Termination Entry" journalized by the court expressly states, the additional ten-year sentence imposed upon defendant in this case for being a repeat violent offender was imposed by the court pursuant to (D)(2)*(b)*, not (D)(2)(a).

{¶ 15} Defendant's first assignment of error is sustained. The additional ten-year repeat-violent-offender sentence imposed upon defendant by the trial court pursuant to R.C. 2929.14(D)(2)(b) will be reversed and vacated.

## SECOND ASSIGNMENT OF ERROR

{¶ 16} "The trial judge erred by sentencing Mr. Barker to aggravated burglary and felonious assault."

{¶ 17} Defendant argues that he cannot be convicted and sentenced for both felonious assault, R.C. 2903.11(A)(1), and aggravated burglary, R.C. 2911.11(A)(1), because they are allied offenses of similar import.

{¶ 18} At the outset, we note that defendant has cited no authority that holds that felonious assault and aggravated burglary are allied offenses of similar import. To the contrary, defendant acknowledges that previous Ohio cases have held that those two offenses are not allied offenses of similar import. *State v. Johnson,* Delaware App. No. 06CAA070050, 2006-Ohio-4994, 2006 WL 2742557; *State v. Jackson* (1985), 21 Ohio App.3d 157, 21 OBR 168, 487 N.E.2d 585; *State v. Feathers,* Portage App. No. 2005-P–0039, 2007-Ohio-3024, 2007 WL 1732274.

{¶ 19} R.C. 2941.25 provides:

{¶ 20} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 21} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the

same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 22} R.C. 2941.25 codifies the double-jeopardy protections in the federal and Ohio Constitutions, which prohibit courts from imposing cumulative or multiple punishments for the same criminal conduct unless the legislature has expressed an intent to impose them. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699. R.C. 2941.25 expresses the legislature's intent to prohibit multiple convictions for offenses that are allied offenses of similar import per paragraph (A) of that section, unless the conditions of paragraph (B) are also satisfied. Id. "Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract*." (Emphasis sic.) Id. at paragraph one of the syllabus.

{¶ 23} In *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus, the Supreme Court held:

{¶ 24} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, clarified.)"

{¶ 25} Aggravated burglary in violation of R.C. 2911.11(A)(1) provides:

{¶ 26} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

{¶ 27} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another."

{¶ 28} Felonious assault in violation of R.C. 2903.11(A)(1) provides:

{¶ 29} "(A) No person shall knowingly do either of the following:

{¶ 30} "(1) Cause serious physical harm to another or to another's unborn."

{¶ 31} Applying the test of *Rance*, as clarified in *Cabrales*, and comparing the elements of these two offenses in the abstract, without considering the evidence

in this case, we find that commission of one of these two offenses does not necessarily result in commission of the other.

{¶ 32} Aggravated burglary per R.C. 2911.11(A)(1) requires a trespass into an occupied structure with a purpose to commit some criminal offense. Felonious assault per R.C. 2903.11(A)(1) has no such requirement. On the other hand, felonious assault requires the actual infliction of serious physical harm. Aggravated burglary does not require the infliction of serious physical harm. It requires the infliction, the attempt to inflict, or the threat to inflict physical harm. Therefore, the offenses of aggravated burglary, R.C. 2911.11(A)(1), and felonious assault, R.C. 2903.11(A)(1), are not allied offenses of similar import. Rather, they are offenses of dissimilar import, and defendant could be convicted and sentenced for both offenses. R.C. 2941.25(B); *Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699.

{¶ 33} Defendant's second assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

{¶ 34} "The trial judge abused her discretion in sentencing Mr. Barker to maximum and consecutive prison terms."

{¶ 35} In *State v. Rollins*, Champaign App. No. 08CA003, 2009-Ohio-899, 2009 WL 498908, at ¶ 7–8, this court stated:

{¶ 36} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

{¶ 37} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.

{¶ 38} " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.' *State v. Adams* (1980), 62 Ohio St.2d 151, 157[, 16 O.O.3d 169], 404 N.E.2d 144."

{¶ 39} Defendant does not argue that his sentence is contrary to law because the trial court failed to consider the applicable statutory sentencing factors. At the sentencing hearing, the trial court clearly indicated that it had considered the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12. Rather, defendant argues that the trial court abused its discretion in imposing maximum and consecutive sentences for his aggravated-burglary and felonious-assault offenses because those offenses were part of a single event.

{¶ 40} As we previously indicated, the two offenses at issue in this case are not allied offenses of similar import, and defendant could be convicted and sentenced for both offenses. Furthermore, the sentences imposed by the trial court, while the maximum allowable for each offense, were nevertheless within the authorized range of available punishments for felonies of the first and second degree. R.C. 2929.14(A)(1), (2). We also note that defendant has previous convictions for aggravated robbery and involuntary manslaughter that involved the killing of an innocent person during a robbery.

{¶ 41} The evidence in this case demonstrates that defendant trespassed into Pope's residence using a key he secretly obtained and was not given permission to use. After entering Pope's home without permission, defendant argued with Pope, and then he picked her up and threw her out a second-story bedroom window. In doing that, defendant told Pope he was going to "show her who Jeffrey Barker is." Pope fell 15 feet to the ground, which resulted in serious physical harm: a broken jaw and a shattered hip that required replacement. At the time of trial, Pope was still using a walker.

{¶ 42} This record reflects no abuse of discretion on the part of the trial court in imposing maximum, consecutive sentences for aggravated robbery and felonious assault.

{¶ 43} Defendant's third assignment of error is overruled. Having sustained defendant's first assignment of error, we will reverse and vacate the ten-year add-on sentence imposed for the repeat-violent-offender specification. The case will be remanded to the trial court on our special mandate to notify the Ohio Adult Parole Authority and all other concerned agencies and offices of the resulting difference in defendant's sentence.

Judgment accordingly.

Donovan, P.J., and Fain, J., concur.