The STATE of Ohio, Appellee,

v.

BANKS, Appellant.

[Cite as *State v. Banks*, 185 Ohio App.3d 648, 2010-Ohio-277.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23210.

Decided Jan. 27, 2010.

Mathias Heck, Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Dennis J. Adkins, for appellant.

———

DONOVAN, Presiding Judge.

{¶ 1} This matter is before the court on the notice of appeal of David E. Banks, filed January 14, 2009. On October 2, 2008, Banks was indicted on one count of possession of crack cocaine (5 grams but less than 10 grams), in violation of R.C. 2925.11(A), a felony of the third degree; assault of a peace officer, in violation of R.C. 2903.13(A) and (C)(3), a felony of the fourth degree; and one count of illegal use or possession of drug paraphernalia (crack pipe), in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Banks pleaded not guilty on October 7, 2008.

{¶ 2} On December 1, 2008, Banks withdrew his pleas and pleaded guilty to the felony offenses in exchange for the state's dismissal of the misdemeanor drug-paraphernalia charge, and in agreement that a one-year mandatory prison sentence on the possession charge would be served concurrently with a 12–month sentence for the assault charge. The trial court informed Banks that it accepted the agreed sentence of one year "provided you show up for your pre-sentence investigation appointments on time; that you don't have any further criminal activity of any kind; and that you show up here for sentencing on December the 29th at 9:30 a.m., and you are on time for that.

{¶ 3} "If that does not happen. If those things do not happen, then the one year is off the table and I can sentence you to whatever I think is appropriate.

{¶ 4} " * * *

{¶ 5} " * * * The big thing here is cooperating * * *. You have to cooperate with the folks at Pre–Sentence and make your appointments on time and stay out of trouble."

{¶ 6} Banks failed to appear on the original sentencing date. On that same morning, he contacted defense counsel and reported that he was having car problems in Kentucky on his way back to Dayton after visiting his sister in Atlanta, Georgia. A warrant was issued for his arrest, and sentencing was rescheduled for January 5, 2009. Banks turned himself in, and at sentencing, he

again explained his inability to attend the original hearing. The trial court sentenced Banks to two years on the possession charge and to 18 months on the assault charge, to be served concurrently. The record reflects the following exchange at sentencing:

{¶ 7} "MR. RAMBO: * * * You are aware there was a one-year agreement for this case between the State and the Defendant. That was contingent upon the Defendant making all of his appointments and appearing last Monday. As you are aware, Mr. Banks failed to appear last Monday. He did, however, turn himself in less than 48 hours later in the * * * county jail on Wednesday of last week.

{¶ 8} "It is my understanding that Mr. Banks had some car problems that morning. He doesn't drive, but the person that was taking him ended up with a flat tire. That is my understanding of the facts, Your Honor. * * *

{¶ 9} "THE COURT: * * * Mr. Banks, anything you would like to add. First of all, explain to me why you weren't here last Monday.

{¶ 10} "DEFENDANT: Yes, sir. I had car problems. We was coming from Kentucky and we had car problems.

{¶ 11} "THE COURT: What were you doing in Kentucky?

{¶ 12} "DEFENDANT: Well, I wasn't in Kentucky, I was in Atlanta.

{¶ 13} " * * *

{¶ 14} "MR. RAMBO: But Kentucky is where you had problems, though?

{¶ 15} "DEFENDANT: Yes, sir. Right out of Kentucky and Tennessee. Tennessee.

{¶ 16} "THE COURT: And when did you call your attorney to tell him that?

{¶ 17} "DEFENDANT: About five or six that morning.

{¶ 18} "MR. RAMBO: That is correct Your Honor.

{¶ 19} "THE COURT: Isn't it a condition of your bond, you are not supposed to leave the state?

{¶ 20} "DEFENDANT: No sir. * * * I knew I was going to be leaving for a year and my sister, she hasn't been doing too good. * * * me, my sister and them, we went down to see about her. You understand, knowing that I wasn't going to be home for a year, she was kind of, you know, worried about me. There was no intention of mine to ever be fleeing from the law or anything like that. * * *

{¶ 21} "THE COURT: You are on Post–Release Control also.

{¶ 22} "DEFENDANT: No, sir. No sir. I am not on no paper.

{¶ 23} "THE COURT: That is what they tell us.

{¶ 24} "DEFENDANT: No, sir. I am on no Post–Release Control.

{¶ 25} "THE COURT: You were just released in October of last year on Post–Release Control.

{¶ 26} "DEFENDANT: Yes, sir. But I have been off that. * * *

{¶ 27} "THE COURT: That is not what they are telling us. So considering the purposes of [sic] Principles of Sentencing the [sic] 2929.11 of the Ohio Revised Code and the seriousness of [sic] recidivism factor 2929.12 and considering you failed to show the other day last week, I am going to sentence you to a period of two years at Corrections Reception Center for possession of cocaine Count one.

{¶ 28} "On the assault on a police officer, I am going to sentence you to a period of 18 months at the Corrections Reception Center to run concurrent with the time that you are doing on the possession charge, Count One. * * * "

{¶ 29} Banks asserts one assignment of error as follows:

{¶ 30} "The trial court abused its discretion in sentencing defendant/appellant to additional prison time beyond the agreement made between the defendant/appellant, the state, and the judge in open court."

{¶ 31} According to Banks, the trial court abused its discretion and "penalized the Defendant by imposing an additional year of incarceration for missing his scheduled Sentencing time by less than 48 hours."

{¶ 32} "In *State v. Jeffrey Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324, at ¶ 36–38, we wrote:

{¶ 33} " '[T]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

{¶ 34} " 'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.

{¶ 35} " ' "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.' " *State v. Adams* (1980), 62 Ohio St.2d 151, 157[, 16 O.O.3d 169], 404 N.E.2d 144.' " *State v. Steele,* Montgomery App. No. 23402, 2009-Ohio-6019, 2009 WL 3792296, ¶ 7–10.

{¶ 36} The two-year prison term imposed by the sentencing court for possession, a third-degree felony, is not the maximum allowable sentence but rather is at the low end of the range of "one, two, three, four, or five years." R.C. 2929.14(A)(3). The 18–month sentence for assault of a peace officer, although the maximum sentence allowable for a felony of the fourth degree, is within the authorized range of available punishments, and Banks's sentences are accordingly not contrary to law.

{¶ 37} Our review of the record before us, however, reveals an abuse of discretion. The record does not establish that Banks's bond conditions prohibited him from leaving the state. He posted a $10,000 bond through Seneca Insurance Co. without any court-ordered restriction of remaining in the State of Ohio. Although he did not appear on the 29th, nothing in the record suggests that Banks otherwise failed to comply with the conditions of his agreed sentence; he kept his presentence-investigation appointments, and he did not engage in further criminal activity. Banks immediately phoned his attorney upon experiencing car trouble and explained that he was unable to attend the hearing on the 29th. Banks's attorney confirmed receipt of Banks's call. Upon his return, Banks turned himself in to authorities. After limited inquiry, the trial court increased Banks's sentence by 100 percent. Nothing in the record suggests that Banks's defense of impossibility to appear was not credible, and the trial court did not so expressly find.

{¶ 38} Without a basis for the substantially enhanced penalty other than Banks's inability to appear, we conclude that the trial court acted arbitrarily, and Banks's sentence is unreasonable. Under these circumstances, an abuse of discretion is established. Postrelease control was not relevant to this inquiry of compliance with plea negotiations. Accordingly, the sentence of the trial court is modified, and we hereby impose the original agreed sentence of a mandatory term of one year on the possession charge and 12 months on the assault charge, to run concurrently. Appellant, having completed his sentence, is ordered discharged unless being held on other charges. The judgment of conviction is affirmed as modified.

Judgment accordingly.

BROGAN and FROELICH, JJ., concur.