[Cite as *State v. Ransdell*, 2012-Ohio-3606.]

## IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                :          C.A. CASE NO. 11CA27

vs.                                       :          T.C. CASE NOS.09CR173,
                                                  11CR186
MICHAEL D. RANSDELL, SR.                   :          (Criminal Appeal from
                                              Common Pleas Court)
    Defendant-Appellant               :

. . . . . . . . .

## O P I N I O N

### Rendered on the 10th day of August, 2012.

. . . . . . . . .

Nick Selvaggio, Prosecuting Attorney, 200 N. Main Street, Urbana, OH  43078
        Attorney for Plaintiff-Appellee

Jessica R. Moss, Atty. Reg. No. 0085437, 2233 Miamisburg Centerville Road, Dayton, OH 45459
        Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   In June 2011, Defendant Michael Ransdell pled guilty to one count of theft from an elderly person, R.C.1913.02(A)(1), (B)(3), a felony of the fourth degree.   In exchange for his plea, the State agreed to dismiss a charge of misuse of credit cards, R.C. 2913.21(B)(2), (D)(4), also a felony of the fourth degree.   Defendant was released on his own recognizance pending the completion of a pre-sentence investigation report.   The following month, Defendant failed to appear for his sentencing hearing and was charged with failure to appear, R.C. 2937.99, a felony of the fifth degree.   Defendant pled guilty to that charge, and he was

sentenced to an aggregate term of 26 months in prison.

{¶ 2}    Defendant filed a timely notice of appeal. His appellate counsel filed an *Anders* brief, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that she could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3}    Defendant's appellate counsel has identified the following possible issue for appeal:

"DID THE TRIAL COURT ERR IN SENTENCING THE APPELLANT TO EIGHTEEN (18) MONTHS IMPRISONMENT BASED ON HIS CONVICTION IN CASE NO. 2009-CR-173 FOR THEFT FROM AN ELDERLY PERSON, IN VIOLATION OF R.C. 2913.02(A)(1)(B)(3), A FELONY OF THE FOURTH DEGREE, AND TO EIGHT (8) MONTHS IMPRISONMENT IN CASE NO. 2011-CR-186 FOR FAILURE TO APPEAR, IN VIOLATION OF R.C. 2937.29 AND 2947.99(B), A FELONY OF THE FOURTH DEGREE, TO RUN CONCURRENT?"

{¶ 4}    In *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324 (2d Dist.), at ¶ 36-37, we wrote:

The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony

offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

**{¶ 5}** "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28, citations omitted. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

**{¶ 6}** Defendant concedes that his 26-month sentence fell within the statutory guidelines, as he could have been sentenced to up to 30 months in prison. Prior to imposing sentence, the trial court reviewed the pre-sentence investigation report, which included a victim impact statement and information about Defendant's lengthy criminal history. The court also considered the statements made by the State, Defendant and his attorney. The court specifically stated that it had considered the purposes and principles of sentencing and that Defendant was not amenable to community control. We conclude that Defendant's sentence is not contrary to law, nor did the trial court abuse its discretion. Defendant's claim

lacks arguable merit.

{¶ 7} In addition to reviewing the possible issue for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit. Accordingly, Defendant's appeal is without merit, and the judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Nick Selvaggio, Esq.
Jessica R. Moss, Esq.
Michael Ransell, Sr.
Hon. Roger B. Wilson