[Cite as *State v. Jones*, 2012-Ohio-3599.]

## IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24873 |
| vs. | : | T.C. CASE NO. 11CR1635 |
| CHARLES J. JONES, JR. | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

## O P I N I O N

Rendered on the 10th day of August, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia,   Atty. Reg. No. 0067685, Asst. Pros. Attorney, P.O. Box 972, Dayton, OH 45422          Attorneys for Plaintiff-Appellee

Thomas W. Kidd, Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, OH 45032          Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   Defendant Charles Jones appeals his three-year sentence for child endangering, a felony of the third degree.

{¶ 2}   In June 2011, Defendant was indicted on one count each of aiding and abetting in abduction (restraint), R.C. 2905.02(A)(2), and child endangering (torture/cruel abuse), R.C. 2919.22(B)(2).   Both charges arose from crimes committed two months earlier against a three-year-old child.   In September 2011, a second indictment was issued charging abduction and child endangering, alleging that Defendant was the principal offender.   Later that month,

Defendant pled guilty to both charges in the second indictment, and the State dismissed the first indictment.

{¶ 3} The trial court agreed to delay sentencing until after the end of the month, when changes in R.C. 2929.14 became effective, reducing the maximum sentence that Defendant could receive from five years to three years. The two convictions merged, and the trial court sentenced Defendant to three years in prison on the child endangering conviction.

{¶ 4} Defendant filed a timely notice of appeal raising the following assignment of error:

"THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES OF SENTENCING AND RECIDIVISM OF THE OFFENDER IN SENTENCING MR. JONES TO THE MAXIMUM OF 36 MONTHS IN PRISON."

{¶ 5} In *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324 (2d Dist.), at ¶ 36-37, we wrote:

The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law.

*State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

**{¶ 6}** Defendant does not dispute that his three year sentence falls within the permissible statutory range for third degree felonies. R.C. 2929.14(A)(3). Instead, Defendant argues that the court failed to apply the factors in R.C. 2929.11 and 2929.12, which set out the purposes and principles of sentencing and the seriousness and recidivism factors the court must consider when selecting a sentence to impose.

**{¶ 7}** A sentence is not contrary to law when the sentencing court expressly stated that it considered those statutory factors. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶ 8}** Prior to imposing sentence, the trial court reviewed the pre-sentence investigation report, the sentencing memoranda, and a victim impact statement prepared by the victim's father. The court also considered the statements made by Defendant and his attorney. When the trial court imposed sentence, the court explained that it was doing so after "considering the purposes and principles of sentencing, as well as the seriousness and recidivism factors of the Revised Code, including using the minimum sanctions necessary to accomplish these purposes without unnecessarily burdening governmental resources * * *." The court having so stated, we find that the sentence imposed is not contrary to law for failure to apply the R.C. 2929.11 and 2929.12 sentencing factors.

**{¶ 9}** Even when the statutory sentencing factors were applied, the court may abuse the discretion R.C. 2929.11 and 2929.12 confer. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28, citations omitted. "Abuse of discretion" has been defined as an

attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 10} Defendant argues that the trial court abused its discretion when it imposed a maximum three year prison sentence, absent evidence of any injuries the victim suffered, and any specific findings by the court supporting the sentence it imposed. Defendant cites our statement in *State v. Gatewood*, 2d Dist. Clark No. 2010CA18, 2012-Ohio-202, at ¶ 75, that "[i]t is vital to avoid both the reality and 'perception that no clear standards are being applied, and that the rule of law is imperiled by sentences imposed for no discernible reason other that the subjective reactions of the sentencing judge.' *State v. Nichols*, Clark App.No. 2010CA60, 2011-Ohio-4671, quoting *Harmelin v. Michigan* (1991), 501 U.S. 957, 1007, 111 S.Ct. 2680, 115 N.E.2d 836."

{¶ 11} *Gatewood* is distinguishable. In *Gatewood*, the sentencing court assumed facts that were not demonstrated by the record when the sentence was imposed, *Id.*, at ¶ 72, and even weighed against the defendant the fact that he had not pled guilty and instead exercised his constitutional right to a trial of the charges against him. *Id.* At ¶ 76. No such deviations from the duties of a sentencing court are demonstrated here.

{¶ 12} Defendant's argument that the court's failure to state its reason is an abuse of discretion fails in view of the holding of *Foster* that the court is not required to state its reasons. Furthermore, and whether the court did or did not state its reasons, it is the burden of an appellant to show how, with respect to the record before it, the court abused its discretion. Defendant offers no basis to so find, absent the court's failure

to state its reasons and the lack of any physical injuries suffered by the victim. However, in and of itself, that latter matter does not demonstrate an abuse of discretion. Further, we note that the court purposely delayed imposition of Defendant's sentence in order to avoid the prior five-year maximum available when Defendant was convicted.

{¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And FROELICH, J., concur.

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Thomas W. Kidd, Esq.**
**Hon. Mary Wiseman**