[Cite as *State v. Nelson*, 2012-Ohio-4859.]

## IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25024 |
| vs. | : | T.C. CASE NO. 2011 CR 3491 |
| DENNIS J. NELSON, SR. | : | (Criminal Appeal from the Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

## O P I N I O N

### Rendered on the 19th day of October, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, by Kirsten A. Brandt, Assistant Prosecuting Attorney, Atty. Reg. No. 0070162, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

Lori R. Cicero, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Dennis Nelson appeals from his sixteen-month prison sentence imposed after he pled guilty to one count of assault on a police officer, R.C. 2903.13(A) and (C)(3), a felony of the fourth degree.

{¶ 2} The facts underlying the offense, as described in the pre-sentence investigation report, are summarized as follows: On October 10, 2011, Dayton Police were called to Defendant's residence on a report of domestic violence. Upon their arrival, they heard children crying through the open door

of the residence. From the front porch, the officers could see Defendant choking his wife in front of their three young children. The officers pulled Defendant off of his wife, handcuffed him, and put him in the rear of their cruiser.

**{¶ 3}** When the officers tried to gather the necessary arrest information, Defendant refused to cooperate. He responded with profanities and by kicking both the back window of the cruiser and the plexiglass divider. The officers opened the rear door of the cruiser to restrain Defendant, who continued kicking. Defendant unsuccessfully tried to kick Officer Hall in the face, but he did succeed in kicking Officer Taylor in the face.

**{¶ 4}** Defendant appeals, raising one assignment of error.

**{¶ 5}** Defendant's assignment of error:

"MR. NELSON'S SIXTEEN MONTH PRISON SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF THE TRIAL COURT'S DISCRETION."

**{¶ 6}** In *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324 (2d Dist.), at ¶ 36-37, we wrote:

> The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.
>
> When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether

the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

{¶ 7} Defendant does not deny that his sixteen-month sentence falls within the permissible statutory range for a fourth degree felony. R.C. 2929.14(A)(4). Instead, Defendant insists that because there is no evidence that Officer Taylor suffered any actual harm, the trial court should have found that Defendant's conduct was not "more serious than conduct normally constituting the offense and that recidivism is not likely." Therefore, Defendant concludes that he should have been given community control sanctions in order to receive alcohol treatment and counseling, rather than a term of imprisonment.

{¶ 8} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28, citations omitted. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 9} At the sentencing hearing, the trial court stated that it had considered the purposes and principles of sentencing, including the seriousness and recidivism factors and the use of the minimum sanctions necessary to accomplish those purposes without unnecessarily burdening government resources. The trial court considered statements made by Defendant, his attorney, and the State. The court also reviewed the information in the pre-sentence investigation report, which included the

underlying factual details of Defendant's conviction, as well as information regarding his lengthy criminal history.

{¶ 10} Pursuant to Ohio Revised Code § 2929,11(A), the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender, using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶ 11} Defendant had several misdemeanor arrests between 1993 and 1995, while he lived in Illinois. However, the pre-sentence investigation report includes no information regarding dispositions of those charges. Defendant also has had numerous arrests since moving to Ohio, many of which were dismissed, withdrawn, or ignored by a grand jury.

{¶ 12} More significantly, however, Defendant has a lengthy list of criminal convictions since moving to Ohio. He has felony convictions for vandalism in 2007 and aggravated assault in 2008. Defendant also has thirteen misdemeanor convictions, including operating a motor vehicle under the influence of alcohol in 1996, carrying a concealed weapon in 1996, aggravated menacing in 2003 and 2007, endangering children in 2003, cruelty to animals in 2003, domestic violence in 2004, public intoxication in 2006, telephone threats/harassment in 2006, violating a protection order in 2007, criminal damaging in 2008, making a false alarm in 2010, and an open container violation in 2011. At the time of his sentencing for the instant offense, Defendant also had a charge of child endangering/abuse/neglect pending.

{¶ 13} Previous attempts at rehabilitation of Defendant have been unsuccessful. In 2003, Defendant was sentenced to probation for his aggravated menacing conviction, but his probation was

revoked the following year. In 2007, Defendant was sentenced to probation for his vandalism conviction. Defendant reported sporadically, failed to provide employment verification, and refused to attend court-ordered treatment. Six months after the community control sanctions were imposed, Defendant was convicted of aggravated menacing, and his probation was modified to intensive supervision. He was given an incomplete termination of that supervision.

{¶ 14} We conclude that Defendant's violent conduct in this offense and his previous inability to refrain from criminal behavior, even while being supervised under community control, demonstrate that the purposes and principles of sentencing are better served by the imposition of a term of imprisonment. Accordingly, the trial court did not abuse its discretion in sentencing Defendant to sixteen months in prison rather than to a term of community control.

{¶ 15} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.

Copies mailed to:

Kirsten A. Brandt, Esq.
Lori R. Cicero, Esq.
Hon. Mary Lynn Wiseman