[Cite as *State v. Bridges*, 2018-Ohio-4844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-262 |
| v. | : | (C.P.C. No. 12CR-5056) |
| Kelvin D. Bridges, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 6, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Kelvin D. Bridges*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Kelvin D. Bridges, appeals from a March 13, 2018 judgment of the Franklin County Court of Common Pleas denying his motion to vacate void sentence. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In early 2013, appellant entered a plea of guilty to robbery, in violation of R.C. 2911.02, a felony of the second degree, accompanied by a repeat violent offender specification ("RVO specification"). On March 28, 2013, the trial court sentenced appellant to 8 years on the robbery offense, plus an additional consecutive 7 years as to the RVO specification, for a total of 15 years imprisonment. Appellant did not appeal the April 1, 2013 sentence entry.

{¶ 3}   On January 22, 2018, appellant filed a motion to vacate void sentence. Appellant argued his sentence was void because the trial court imposed the seven years as to the RVO specification, in violation of R.C. 2929.14(B)(2)(b), in effect at the time of sentencing.   Specifically, appellant argued that his two prior convictions considered for imposition of the RVO specification preceded the 20-year statute of limitations outlined in R.C. 2929.14(B)(2)(b). Plaintiff-appellee, State of Ohio, filed a memorandum in opposition. The state argued the trial court imposed the RVO specification pursuant to R.C. 2929.14(B)(2)(a) not (B)(2)(b) and that R.C. 2929.14(B)(2)(a) in effect at the time of sentencing did not contain a 20-year statute of limitations as R.C. 2929.14(B)(2)(b) did.

{¶ 4}   The trial court examined the April 1, 2013 sentencing entry and noted that in the entry "the Court specifically walks through each of the five requirements in (B)(2)(a)(i)-(v)."  (Mar. 13, 2018 Decision at 2.)  The court concluded that the RVO specification was properly imposed under R.C. 2929.14(B)(2)(a) as that section did not require defendant's previous violent convictions to have taken place within a 20-year time frame.  Finally the court noted that R.C. 2929.14(B)(2)(a) "requires no specific time frame at all."  (Mar. 13, 2018 Decision at 2.)

## II. Assignments of error

{¶ 5}   Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The Trial Court erred when imposing an RVO Specification beyond the statute of limitations under R.C. 2929.14(B)(2)[(b)].
>
> [II.] The Trial Court Abused Its Discretion When Denying Bridges Motion To Vacate.

Appellant's assignments of error are interrelated and will be addressed together.

## III. Analysis

{¶ 6}   Appellant states that in imposing the RVO specifications, the court considered his prior July 30, 1979 conviction for aggravated robbery and his prior March 20, 1984 conviction for robbery with specification.  He concedes the offenses qualify as first or second-degree offenses of violence.  However, because the convictions were respectively 34 and 29 years old, according to appellant they were outside the 20-year

limitation outlined in R.C. 2929.14(B)(2)(b)(ii) and, therefore, the court's imposition of an additional 7 years for the RVO specification was void.

{¶ 7} At the time appellant was sentenced in March 2013, former R.C. 2929.14(B)(2) stated:

> (a) *If division (B)(2)(b) of this section does not apply*, the court *may* impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:
>
> (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>
> (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>
> (iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.
>
> (iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
>
> (v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the

offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

(b) The court *shall* impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

* * *

(e) When imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence.

(Emphasis added.) Former R.C. 2929.14(B)(2) in effect Sept. 28, 2012 to March 22, 2015. *See* S.B. No. 337.

{¶ 8} In support of his argument, appellant points this court to *State v. Barker*, 183 Ohio App.3d 414, 2009-Ohio-3511 (2d Dist.). In *Barker*, the Second District determined the trial court erred in applying R.C. 2929.14(D)(2)(b) (former R.C. 2929.14(B)(2)(b)) because the defendant had not been convicted of the prior first or second degree offenses of violence within 20 years preceding his conviction and sentence. In *Barker*, the court noted the sentencing entry expressly stated the defendant was being sentenced for his RVO specification pursuant to "(D)(2)(b), not (D)(2)(a)." *Id.* at ¶ 14.

{¶ 9} We do not find *Barker* to be dispositive or persuasive. As noted above, in *Barker* the trial court applied R.C. 2929.14(D)(2)(b) (former R.C. 2929.14(B)(2)(b)). Here, however, we agree with the trial court that at sentencing the trial judge applied R.C. 2929.14(B)(2)(a) which applies when R.C. 2929.14(B)(2)(b) does not apply, is discretionary rather than mandatory, and which does not require the prior convictions to have been committed within 20 years.

{¶ 10} The April 1, 2013 sentencing entry stated:

> The Court hereby imposes the following sentence: Eight (8) years as to Count One. Because this is the maximum sentence on this offense, the Court immediately held an additional hearing on sentencing pursuant to the Repeat Violent Offender (RVO) specification. The Defendant, his attorney, and the Prosecuting Attorney were all present and agreed to proceed. The parties had previously stipulated, at the time of the taking of the Guilty Plea, to certified entries of prior convictions and to fingerprint evidence that showed that the Defendant was the person previously convicted of the offenses qualifying him for the RVO specification to which he entered his plea of guilty.

> The Court, being fully advised in the premises, finds that the facts of this case and the facts relating to his likelihood of committing future crimes, which are the factors relating to seriousness and recidivism, as set forth in R.C. 2929.12(B) and (D), including the mitigating factors set forth in R.C. 2929.12(C), clearly indicate that the seriousness factors outweigh, beyond a reasonable doubt, the conduct that normally constitutes the offense. See, especially, the factors listed in [R.C.] 2929.12(B)(1) and (2).

> Further, the Court finds that based on the materials presented in the pre-sentence investigation, including the Defendant's past criminal history, his abject failure to take advantage of the granting of many probation, community control, and judicial release opportunities throughout his adult life, and including his "high" ORAS score, that said facts clearly indicate, beyond a reasonable doubt, that the likelihood of his committing future crimes far exceeds the likelihood that he would lead a law abiding life. This weighing is required by R.C. 2929.12(D).
>
> Based on all the foregoing, the Court imposes SEVEN (7) YEARS of consecutive time to be served pursuant to the RVO specification, which, when added to the EIGHT (8) YEARS of his sentence for the offense of Robbery, totals FIFTEEN (15) YEARS, all to be served at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION[]. Said sentence shall be served concurrent with the Delaware County Case.

(Emphasis omitted.) (Apr. 1, 2013 Decision at 2-3.)

{¶ 11} Although the trial court did not expressly state in its entry that it was applying R.C. 2929.14(B)(2)(a) rather than 2929.14(B)(2)(b), it is apparent the court was considering the factors outlined in R.C. 2929.14(B)(2)(a), including the recidivism and seriousness factors. Therefore, we agree with the trial court that at sentencing, the court was applying R.C. 2929.14(B)(2)(a) and, therefore, the two prior convictions considered when imposing the RVO specifications were not required to have been committed within 20 years.

{¶ 12} Accordingly, the trial court did not err in denying appellant's motion to vacate void sentence, and we overrule appellant's assignments of errors.

## IV. Conclusion

{¶ 13} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

————————————