[Cite as *State v. Russell*, 2012-Ohio-6051.]

## IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25132 |
| vs. | : | T.C. CASE NO. 2011 CR 3665 |
| ROBERT T. RUSSELL | : | (Criminal Appeal from the Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

# O P I N I O N

### Rendered on the 21st day of December, 2012.

· · · · · · · · ·

**Mathias H. Heck, Jr., Prosecuting Attorney, by Carley J. Ingram, Assistant Prosecuting Attorney, Atty. Reg. No. 0020084, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422**
        **Attorney for Plaintiff-Appellee**

**Michael H. Holz, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420**
        **Attorney for Defendant-Appellant**

· · · · · · · · ·

**GRADY, P.J.:**

{¶ 1} Defendant Robert Russell appeals his convictions and sentence for three counts each of aggravated robbery and felonious assault, all with firearm specifications.

{¶ 2} On October 24, 2011, Robert Lyons and Jennifer Morgan met Defendant at a gas station to purchase heroin from him. At Defendant's request, Lyons and Morgan

followed him to a residential area a short distance away. When they stopped, Defendant pointed a gun into the car in which Lyons and Morgan were riding and demanded all of their money. Lyons grabbed for the gun, and the two men struggled. When Lyons pushed on the accelerator and tried to drive away, Defendant began shooting at the car. One of the bullets went through the headrest of the front passenger seat, striking Morgan in the neck. As a result of that shot, Morgan is paralyzed from the chest down.

{¶ 3} The following month, Defendant was indicted on two counts of aggravated robbery (deadly weapon), R.C. 2911.01(A)(1), felonies of the first degree; one count of aggravated robbery (serious harm), R.C. 2911.01(A)(3), a felony of the first degree; two counts of felonious assault (deadly weapon), R.C. 2903.11(A)(2), felonies of the second degree; and one count of felonious assault (serious harm), R.C. 2903.11(A)(1), a felony of the second degree. Each charge carried a three-year firearm specification.

{¶ 4} In January 2012, Defendant pled no contest to all charges and specifications. The trial court conducted a hearing to determine whether any of the charges were allied offenses of similar import. At sentencing, the court merged the aggravated robbery and felonious assault charges with regard to Lyons and the two counts each of felonious assault and aggravated robbery with regard to Morgan. The court also merged all six firearm specifications. The court sentenced Defendant to twelve years in prison.

{¶ 5} Defendant filed a timely notice of appeal. His appellate counsel filed an *Anders* brief, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro

se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 6} Appellate counsel identifies two potential errors for review: the validity of Defendant's plea and the length of his sentence.

{¶ 7} An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary; otherwise, the plea has been obtained in violation of due process and is void. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. The record of the plea hearing in this case shows that the trial court meticulously complied with Crim.R. 11(C), and properly found that Defendant's pleas were knowingly, intelligently and voluntarily entered.

{¶ 8} The trial court thoroughly explained the possible sentences that Defendant could receive for each individual charge and specification, as well as the possible maximum aggregate sentence of 75 years. The court cautioned Defendant that the minimum aggregate prison sentence that he would receive was nine years. Additionally, the court advised Defendant that he was not eligible for community control, "shock incarceration or an intensive program prison."

{¶ 9} Defendant denied being under the influence of drugs or alcohol, and he stated that he was able to read the plea form. The trial court confirmed that Defendant is a United States citizen and that he understood each of the rights he was waiving by pleading no contest. The State presented the facts upon which each of the charges was based prior to Defendant entering his no contest pleas. The trial court accepted Defendant's pleas and found him guilty of each charge.

{¶ 10}   The record demonstrates that Defendant's no contest pleas were knowingly, intelligently, and voluntarily entered.   Therefore, the assigned potential error with respect to the validity of his pleas lacks arguable merit.

{¶ 11}   We next turn to the issue of Defendant's sentence.   "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion."   *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28, citations omitted.   "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.   *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985).   It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 12}   In *State v. Barker,* 183 Ohio App.3d 414, 2009-Ohio-3511, 917 N.E.2d 324 (2d Dist.), at ¶ 36-37, we wrote:

> The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences.   *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus. * * *
>
> When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law.   *State v. Kalish,* 120 Ohio St.3d

23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

{¶ 13} In this case, Defendant's twelve-year sentence falls within the permissible statutory range. Thus, is not clearly and convincingly contrary to law.

{¶ 14} Prior to imposing sentence, the trial court reviewed a transcript of the hearing held on the issue of allied offenses, the pre-sentence investigation report, Defendant's sentencing memoranda, letters submitted on Defendant's behalf, a letter from Lyons, and a recorded statement by Morgan. The court also considered the statements made by Defendant and his attorney.

{¶ 15} The court explained that it was imposing sentence after considering the purposes and principles of sentencing as well as the seriousness and recidivism factors. The trial court noted that Defendant had prior criminal convictions as well as previous juvenile court adjudications of delinquency. He was, in fact, on community control at the time of the offenses in the present case. Additionally, the court considered the extent of the grievous injury done to Morgan. The assigned potential error with respect to the sentences the court imposed lacks arguable merit.

{¶ 16} In addition to reviewing the two possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit. Accordingly, the judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.

Copies mailed to:

Carley J. Ingram, Esq.
Michael H. Holz, Esq.
Robert T. Russell
Hon. Timothy N. O'Connell