[Cite as *State v. Oliver*, **2019-Ohio-4184.**]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-538 |
| | : | |
| DWIGHT OLIVER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Dwight Oliver pled no contest in the Clark County Court of Common Pleas to one count of possession of cocaine (equal to or more than 27 grams, but less than 100 grams), a first-degree felony. The court found him guilty and sentenced him to five years in prison. Oliver appeals from his conviction, challenging the validity of his plea. The State concedes that the trial court failed to advise Oliver of the effect of pleading no contest before accepting his plea. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

### I. Factual and Procedural History

{¶ 2} In March 2017, two Springfield police officers noticed a vehicle driven by an individual whom the officers knew was subject to an arrest warrant; Oliver was a passenger in the vehicle. The officers drove to the gas station where the vehicle had stopped and arrested the driver. One officer told Oliver that he was free to leave and should leave. However, despite several warnings from the police, Oliver repeatedly attempted to have contact with the driver. Ultimately, the police officers turned their focus to Oliver. While one officer ran Oliver's information through the computer database, the other officer noticed Oliver pull a baggie of suspected drugs out of an inside pocket of his jacket and place it in an outside pocket of his jacket. After retrieving the baggie, the officer placed Oliver under arrest.

{¶ 3} On September 11, 2017, Oliver was indicted for trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and possession of cocaine, in violation of R.C. 2925.11(A). Oliver moved to suppress the evidence against him, but after a hearing, the trial court overruled the motion. Subsequently, on January 23, 2018, Oliver pled no contest to possession of cocaine; as part of the plea, the State agreed to dismiss the

charge of trafficking in cocaine and that a presentence investigation would be conducted. After a presentence investigation, the court sentenced Oliver to five years in prison.

{¶ 4} Oliver's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she found no "meritorious issues for appellate appeal."   Counsel raised four potential assignments of error, namely that (1) the trial court erred in denying Oliver's motion to suppress, (2) Oliver's plea was not made knowingly, intelligently, and voluntarily, (3) the trial court erred in finding Oliver guilty on his no contest plea, and (4) the trial court erred in sentencing Oliver to five years in prison.   We informed Oliver that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief; no pro se brief was filed.   Upon an initial review, we concluded that a non-frivolous issue existed as to whether the trial court complied with Crim.R. 11(C)(2)(b).   We rejected the *Anders* brief and appointed new counsel.

{¶ 5} Oliver, with new counsel, now raises one assignment of error, namely that "the trial court did not comply with Criminal Rule 11, thus defendant did not enter his no contest plea knowingly, intentionally [sic], and voluntarily."

### III. Compliance with Crim.R. 11

{¶ 6} In his assignment of error, Oliver claims that the trial court failed to substantially comply with Crim.R. 11, because it completely failed to inform him of the effect of his no contest plea before accepting his plea.

{¶ 7} "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*,

395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If a defendant's plea is not knowing, intelligent, and voluntary, it "has been obtained in violation of due process and is void." *Id.* "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13.

{¶ 8} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; *(b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty or no contest and that the court, upon acceptance of the plea, may proceed with judgment and sentencing*; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. (Emphasis added.) *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 9} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the

implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 10} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his or her plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.

> But "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id*. But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id*. Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id*., quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19.

{¶ 11} The plea hearing transcript reflects that the trial court failed to comply with the requirements of Crim.R. 11(C)(2)(b). The court did not orally inform Oliver of the effect of a no contest plea using the language of Crim.R. 11(B)(2), which provides: "The

plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." In addition, the court did not orally advise Oliver that, upon acceptance of the no contest plea, the court may proceed with judgment and sentencing, as further required by Crim.R. 11(C)(2)(b).

{¶ 12} Although the trial court did not orally inform Oliver of the effect of his no contest plea and that the court could proceed to sentencing, some of that information was included on Oliver's plea form. Specifically, the form stated: "By pleading no contest I admit the facts as placed on the record. I know the judge may either sentence me today or refer my case for a presentence report." However, the plea form did not define the effect of a plea of no contest.

{¶ 13} The State concedes that, under the facts of this case, Oliver did not knowingly, intelligently, and voluntarily enter his plea. It states:

[T]he record reflects that while the trial court informed Defendant of the rights he would be giving up and many of the other required elements of the colloquy, it failed to inform him of the effect of his no-contest plea. Pursuant to this Court's holding in *[State v.] Jones*, [2d Dist. Montgomery No. 25688, 2014-Ohio-5574], this is a complete failure of the effect-of-plea requirement and prejudice does not need to be demonstrated. As such, the case should be remanded for further proceedings.

{¶ 14} We agree with the parties' conclusion that the trial court completely failed to comply with its obligation under Crim.R. 11(C)(2)(b) to inform Oliver of the effect of his

no contest plea and, consequently, that Oliver's plea was not made knowingly, intelligently, and voluntarily.   Accordingly, Oliver's assignment of error is sustained.

### III. Conclusion

{¶ 15} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

John M. Lintz
Adam J. Arnold
Hon. Douglas M. Rastatter