[Cite as *State v. Boucher*, 2021-Ohio-3751.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-423 |
| | : | |
| THOMAS BOUCHER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Thomas Boucher pled guilty in the Clark County Court of Common Pleas to one count of attempted rape, a felony of the second degree; he was sentenced to 8 to 12 years in prison. Boucher appeals from his conviction, but his attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), suggesting no potential non-frivolous assignments of error. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On May 6, 2019, Boucher was in a camper with his pants and underwear off and with his hands on the hips of the seven-year-old victim, F.S, who was also naked from the waist down while straddling Boucher's penis. At this time, the victim's aunt walked into the camper, startling Boucher and the child victim and interrupting activity which, if successful, would have resulted in sexual conduct with F.S.

{¶ 3} On July 27, 2020, Boucher pled guilty by way of a bill of information to one charge of attempted rape, a felony of the second degree. A specification included that Boucher had been "previously convicted of two counts of aggravated rape in Nashville, Tennessee on June 12, 1986," offenses which are substantially similar to first-degree felony rape offenses under Ohio law. (Plea Tr. 3.) By pleading to a subsequent first- or second-degree felony offense in Ohio, a prison sentence was mandatory under R.C. 2929.13(F)(6). On August 18, 2020, the trial court sentenced Boucher to a mandatory prison sentence, a minimum of 8 years to a maximum of 12 years.

{¶ 4} Before the trial court accepted Boucher's guilty plea, the judge reviewed the possible maximum penalty for the attempted rape offense, noting that a prison term was mandatory for that offense and that the court would be required to classify Boucher as a

Tier III sex offender.

{¶ 5}  At sentencing, the trial court stated that it had considered the record, the oral statements, and the written statements received in the presentence investigation report, including two letters from Boucher.  Further, the court noted that Boucher had previously been convicted for or pled guilty to a felony of the first or second degree. The trial court also stated that it had reviewed the seriousness and recidivism factors under R.C. 2929.12, the need for deterrence, incapacitation, rehabilitation, and restitution, and the sentencing guidelines contained in R.C. 2929.13, while being guided by the overriding principles of felony sentencing.

{¶ 6} The court considered the factors under R.C. 2929.12(B), including mental injury suffered by the victim, the conduct of the defendant was exacerbated because of the age of the victim, the victim had suffered serious psychological harm as a result of the offense, and the defendant's relationship with the victim facilitated the offense.

{¶ 7} The court did not find any factors under R.C. 2929.12(C) that would indicate that the offense was less serious than that normally constituting this type of offense.

{¶ 8}  The court considered the recidivism factors under R.C. 2929.12(D) and noted Boucher's history of criminal convictions. Additionally, the court noted that Boucher was remorseful, but the court was unsure how much of that remorse stemmed from the consequences Boucher was facing rather than the circumstances to which he had subjected the victim.

{¶ 9} Under R.C. 2929.12(E), the trial court determined that Boucher did not have a prior history of delinquency and had led a law-abiding life for a number of years. There was no military record to consider, and Boucher scored very high on the Ohio Risk

Assessment Survey.

{¶ 10} The court found under R.C. 2929.13(F)(6) that the prison term was mandatory. Further, although the following findings were not necessary, the court determined pursuant to R.C. 2929.12 that prison would be consistent with the purposes and principles of sentencing, that a combination of community control sanctions would demean the seriousness of the defendant's conduct, and that imprisonment was commensurate with the seriousness of the defendant's conduct and its impact on the victim and would not place an unnecessary burden on the state governmental resources.

{¶ 11} Therefore, considering everything, including the presentence investigation report (PSI), the nature of the offense, the harm caused, and the fact that Boucher, in his interview with the detectives, had stated that he needed mental health help and acknowledged that he had said the same thing in Tennessee, the court ordered Boucher to serve a minimum prison term of 8 years to a maximum prison term of 12 years.

{¶ 12} Boucher's appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 18 L.Ed.2d 493, indicating that he found no errors by the trial court prejudicial to Boucher on which to base a non-frivolous appeal. This Court informed Boucher that his attorney had filed an *Anders* brief on his behalf and informed him of his right to file a pro se brief, but Boucher did not file a brief.

{¶ 13} When an *Anders* brief is filed, the appellate court must determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a

frivolous appeal is one that presents issues lacking arguable merit, which means that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue -- whether presented by appellate counsel, presented by the defendant (if a pro se brief is filed), or found through an independent analysis -- is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 17.

{¶ 14} "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If a defendant's plea is not knowing, intelligent, and voluntary, it "has been obtained in violation of due process and is void." *Id.*

{¶ 15} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, in reviewing the plea colloquy, the focus should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 12.

{¶ 16} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding

of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 17} In general, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates he or she was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶ 18} This general rule is subject to two exceptions. First, the trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 14; *Clark* at ¶ 31. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14.

{¶ 19} Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v.*

*Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. *See also State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11 (a defendant must show prejudice if the trial court partially complied with Crim.R. 11(C) in regard to a non-constitutional right, but no showing of prejudice is required if the trial court completely failed to comply).

{¶ 20} We have reviewed the transcript of the plea hearing and find that the trial court fully complied with the requirements of Crim.R. 11. The court initially questioned Boucher about his waiver of a grand jury and consent to a bill of information. The court inquired if he was under the influence of alcohol, drugs, or medication. The court asked Boucher if he had discussed the case and possible defenses with his attorney. The court asked if he was satisfied with the advice and representation of his attorney. All Boucher's responses were appropriate.

{¶ 21} The court reviewed the offense to which Boucher was entering a plea and the maximum sentences for the offense. The court told Boucher that prison was mandatory for the offense, that there was no possibility of early release, and that it was presumed he would be released after a minimum sentence but the Parole Authority could increase the sentence up to the maximum time. The court also reviewed what post-release control is and the potential consequences of violating post-release control. The court informed Boucher that it would be required to classify him as a Tier III sex offender, what that classification entailed, and the potential consequences of violating his duty to register.

{¶ 22} The trial court told Boucher that a guilty plea admitted the truth of the facts put on the record and admitted that he committed the offense of attempted rape, a felony

of the second degree; it also reviewed the constitutional rights that he was waiving by entering a plea. Boucher denied that his plea was the result of promises (other than the plea agreement) or threats. Boucher pled guilty to attempted rape and was found guilty of that offense. The court found that Boucher was entering his plea voluntarily, and Boucher signed the plea forms.

{¶ 23} Upon review of the plea hearing transcript, we find no non-frivolous issues for appeal related to Boucher's plea.

{¶ 24} In addition, we find nothing in the record to suggest that anything that occurred prior to the plea hearing precluded Boucher from entering a knowing, intelligent, and voluntary plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find no non-frivolous issues related to the events prior to Boucher's guilty plea.

{¶ 25} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the

sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 26} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 27} In imposing Boucher's sentence, the trial court made the following findings:

I know the defendant is remorseful. I'm not sure how much of that is because of what he is facing rather than what he has placed the victim through. He just told the Court that he's haunted by the memory of what he has done. Try to imagine how much the victim is haunted by the memory of what was done.

Disposition Tr. 12.

{¶ 28} The PSI reflects that Boucher was 62 years old when the offense occurred and 63 at sentencing. He had no juvenile record. In 1986, Boucher was convicted of two counts of aggravated rape and sentenced to 16 years in prison in Nashville, Tennessee.

{¶ 29} The maximum prison term for the attempted rape count, a felony of the second degree, was a mandatory eight to twelve years. Additionally, the maximum fine was $15,000, which was not mandatory. Post-release control was mandatory for a period

of five years. The trial court sentenced Boucher consistent with these provisions under Ohio law.

{¶ 30} We have examined the entire record and conducted our independent review in accordance with *Penson*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We conclude that no non-frivolous issues exist for appeal in this case.

{¶ 31} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Lucas W. Wilder
Thomas Boucher
Hon. Richard J. O'Neill