[Cite as *State v. Jones*, 2023-Ohio-1997.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29602 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 00490 |
| | : | |
| RYAN C. JONES | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 16, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

KRISTIN L. ARNOLD, Attorney for Appellant

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Ryan C. Jones appeals from a judgment of conviction following his guilty plea. For the reasons outlined below, we affirm the judgment of the trial court.

**I.      Factual and Procedural Background**

{¶ 2} In February 2022, Jones was indicted for the following offenses: Count I,

receiving stolen property, a motor vehicle; Count II, failure to comply with an order or signal of a police officer; Count III, having weapons while under disability; Count IV, vehicular assault; Count V, receiving stolen property, a firearm; Count VI, aggravated robbery with a deadly weapon; and Count VII, improper handling of a firearm in a motor vehicle. Counts I, II, III, IV, and VI each carried a three-year firearm specification under R.C. 2929.14 and 2941.145 and a one-year firearm specification under R.C. 2929.14 and 2941.141.

{¶ 3} Jones's trial was scheduled to begin on September 19, 2022. On September 8, 2022, Jones entered into a plea agreement in which he pled guilty to Counts I, II, III, IV, V, and VII. As part of the plea agreement, the State agreed to dismiss Count VI and all firearm specifications except for the one-year specification attached to Count II.

{¶ 4} During the plea hearing, Jones's counsel indicated to the trial court that there was an agreement with the State that the trial court would terminate Jones's post-release control in an unrelated case, but this was disputed by the State at that time. After a brief pause in the proceedings and sidebar, Jones's counsel confirmed that he had been mistaken, that the termination of post-release control was not part of the plea agreement, and that Jones would still enter his plea pursuant to the agreement. The trial court proceeded with the plea colloquy and advised Jones that his post-release control from the unrelated case could be terminated by the court or that the court could sentence him for violating his parole.

{¶ 5} At his disposition hearing, Jones was sentenced to 18 months in prison on Counts I, IV, V, and VII and to 36 months on Counts II and III. On Count II, Jones was

sentenced to an additional one year due to the firearm specification. Counts III, IV, V, and VII were ordered to run concurrently with each other; Counts I and II were also ordered to run concurrently with each other but consecutively to Counts III, IV, V, and VII.

{¶ 6} At the plea hearing, the parties had a discussion and sidebar with the court about whether the plea agreement included the termination of Jones's post-release control in another case. They eventually agreed that there was no agreement regarding the termination of post-release control. The trial court then proceeded to conduct the plea hearing by asking Jones questions and providing him with information to ensure that Jones was entering his plea knowingly, intelligently, and voluntarily. After doing so, the trial court accepted Jones's guilty plea and found him guilty.

{¶ 7} The trial court sentenced Jones to a total of seven years in prison. Jones filed a timely notice of appeal from the trial court's judgment.

## II.     Assignment of Error

{¶ 8} Jones's sole assignment of error is as follows:

DEFENDANT-APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS PLEA, AS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 9} Jones argues that he did not knowingly, intelligently, and voluntarily enter his plea because his counsel did not fully inform him of the consequences of his plea. Jones asserts that, during the plea colloquy, the trial court asked Jones whether he was currently on community control sanctions, probation, or parole; Jones answered in the affirmative, as he was on post-release control until 2027 in an unrelated case. According to Jones,

he and his counsel were initially under the impression that, if Jones pled in this case, Jones's existing post-release control in the unrelated case would have been terminated. During the plea hearing, however, Jones argues that confusion arose as to the terms of the plea agreement with respect to the termination of Jones's post-release control. Ultimately, there was no agreement as to the termination of Jones's post-release control. Jones argues his trial counsel then moved forward with the plea proceedings without specifically discussing with him that his post-release control in the unrelated case would not be terminated. Jones argues that his trial counsel was ineffective by not providing Jones with an explanation regarding his existing post-release control and, thus, that Jones did not knowingly, intelligently, and voluntarily enter his plea.

{¶ 10} A plea of guilty is a complete admission of guilt. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9. A guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *State v. Frazier*, 2d. Dist. Montgomery Nos. 26495 and 26496, 2016-Ohio-727, ¶ 81.

{¶ 11} An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell,* 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown,* 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13, citing *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274

(1969). For a plea to be entered knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *Id.*

{¶ 12} Crim.R. 11(C)(2) requires the trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 13} We review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Leonard*, 2d. Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 10, citing *Strickland.* "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective

standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." (Citations omitted.) *Id.* at ¶ 11. In other words, if a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." (Citations omitted.) *Frazier,* 2d Dist. Montgomery Nos. 26495 and 26496, 2016-Ohio-727, at ¶ 81. Furthermore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." (Citations omitted.) *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 14} At the outset, we note that both parties suggested plain error as the standard of review in this matter. However, plain error is wholly inapplicable to an ineffective assistance of counsel argument.

{¶ 15} Jones's argument focuses on the terms of the plea agreement and whether he understood that his existing post-release control was not guaranteed to be terminated under the agreement. Specifically, Jones asserts that his trial counsel provided ineffective assistance by proceeding with the plea hearing without discussing with him the fact that termination of his existing post-release control was not a part of the plea agreement. On this basis, Jones asserts that his plea was less than knowing, intelligent, and voluntary. We do not agree.

{¶ 16} The trial court conducted Jones's plea hearing in accordance with Crim.R.

11(C). Jones was 29 years old at the time of the hearing, had finished eleventh grade, and could read. Jones appeared in open court and expressed to the trial court that he understood the plea form, the constitutional rights that he waived by foregoing a trial, the nature of the offenses, and the maximum penalties that could be imposed. Jones denied being under the influence of any drug, alcohol, or medication and having any physical or mental problems. Jones expressed that he understood that his existing post-release control could be terminated or that the trial court could sentence him for violating his parole, as could the parole board. Jones also expressed that he understood that there was no agreement on sentencing and that he had not been promised that he would receive community control sanctions and not receive a prison sentence. He understood that there would be a mandatory period of post-release control in the disposition of this case and pleading guilty would be a complete admission of guilt.

{¶ 17} Jones indicated that he understood everything that the prosecutor had said during the plea hearing, and that the facts stated in the indictment were true. He stated that he had discussed with his attorney what the prosecutor would have to prove in order for him to be found guilty and that he was satisfied with the representation of his attorney. Jones stated that he was entering his plea voluntarily.

{¶ 18} The trial court informed Jones that, by pleading guilty, he waived the right to appeal the court's disposition with respect to any of his pretrial motions. The trial court also inquired of Jones whether he had any emotional or mental issues that were hindering his ability to understand the nature of the plea proceedings. The trial court asked Jones whether any competency issues existed that would render his plea less than knowing,

intelligent, and voluntary, and Jones denied any such concerns. Upon review, we conclude that Jones knowingly, intelligently, and voluntarily entered his guilty plea.

{¶ 19} Further, to demonstrate that his trial counsel's performance was deficient, Jones was required to show that there was a reasonable probability that, but for counsel's error, Jones would not have pled guilty but would have insisted on going to trial. Jones complains that his attorney failed to properly explain that his existing post-release control would not be terminated pursuant to the plea agreement as counsel originally stated was his understanding. However, although it was determined at the plea hearing that the termination of Jones's existing post-release control was not, in fact, part of the plea agreement, the trial court advised Jones that the court could terminate his existing post-release control or could sentence him for violating his parole; Jones acknowledged his understanding of the same without asking any questions about the plea agreement. The plea agreement resulted in the dismissal of the most serious charge, aggravated robbery, and all of the three-year firearm specifications attached to the counts to which Jones entered guilty pleas. Moreover, when asked if he was satisfied with his trial counsel, Jones answered in the affirmative. Jones has failed to show that, but for the alleged error of counsel, he would not have entered into the plea agreement.

{¶ 20} Jones has not demonstrated that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases or that his counsel's conduct fell below an objective standard of reasonableness. Jones also has not demonstrated that his counsel's alleged error was serious enough to create a reasonable probability that, but for the error, the outcome of Jones's case would have been different.

Jones did not even suggest that the outcome of his case would have been different had he known in advance of the plea hearing that termination of his existing post-release control was not part of the plea agreement. Thus, we conclude that Jones has not shown that he was denied effective assistance of trial counsel. Therefore, Jones has not demonstrated that he did not knowingly, intelligently, and voluntarily enter his guilty plea.

{¶ 21} Jones's sole assignment of error is overruled.

### III.    Conclusion

{¶ 22} Having overruled Jones's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.